**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 22, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL DELEVAN ENGLES,

    Defendant - Appellant.

No. 19-5081
(D.C. No. 4:05-CR-00104-HE-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **CARSON**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

In December 2005, Defendant was convicted of two counts of felon in possession of a firearm, two counts of possession with intent to distribute methamphetamine, and two counts of possession of a firearm in furtherance of a drug trafficking crime. The district court sentenced Defendant to 420 months of imprisonment. We affirmed Defendant's conviction on appeal. In January 2017, President Obama commuted Defendant's sentence

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to a term of 270 months on the condition that Defendant enroll in the Bureau of Prisons' Residential Drug Abuse Program. Defendant initially enrolled in the program and thereby solidified the sentence commutation. To date, however, Defendant has refused to participate. Nevertheless, his projected release date is August 31, 2024, reflecting the 270-month sentence imposed in President Obama's commutation order.

Now Defendant moves for an additional sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). The district court dismissed the motion for lack of jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm as modified.[1]

\* \* \*

Defendant argues he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides that a district court may modify a term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Defendant offers two "extraordinary and compelling reasons" to support his request for a sentence reduction. First, he argues if he were sentenced today for the same offenses, his sentence would be substantially less. Second, Defendant argues his post-sentencing rehabilitation efforts support a sentencing reduction. As to the first argument, Defendant is plainly wrong. Even if sentenced today, Defendant's sentencing

---

[1] The district court dismissed Defendant's motion for lack of jurisdiction. It is clear, however, that the district court considered the merits of Defendant's argument. The district court held, "[t]he court may only modify a sentence if it finds 'extraordinary and compelling reasons warrant such a reduction' or that defendant is at least 70 years of age and meets other specific requirements . . . . Neither condition has been met." Upon an independent review and for the reasons provided herein, we agree. Accordingly, the district court's judgement is affirmed in so much as it dismisses Defendant's motion on the merits.

guidelines would exceed his post-commutation sentence of 270 months. Thus, Defendant's first argument is without merit. As to Defendant's post-sentencing rehabilitation efforts, the United States Sentencing Guidelines explicitly state "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" for a sentence reduction. U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.3 (U.S. Sentencing Comm'n 2018). Accordingly, Defendant's second argument is also without merit.

* * *

For the aforementioned reasons, Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction, and the district court's order is affirmed as modified.

Entered for the Court

Bobby R. Baldock
Circuit Judge